UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23864-CIV-SEITZ/O'SULLIVAN

GE SEACO SERVICES, LTD.,

    Plaintiff,

v.

INTERLINE CONNECTION, N.V.,

    Defendant.
_____/

### ORDER DENYING MOTION FOR RELIEF FROM RULE 26(d)(1)

THIS CAUSE is before the Court on Plaintiff's Compliance with Order Requiring Joint Scheduling Report and Ex Parte Motion Under Rule 26(d)(1) [DE-5], in which Plaintiff seeks relief from Federal Rule of Civil Procedure 26(d)(1) which prohibits any discovery prior to the parties conferral required by Federal Rule of Civil Procedure 26(f). Plaintiff asserts that it has been unable to locate Defendant or the representative of Defendant with whom Plaintiff transacted business and thus has been unable to effectuate service. Plaintiff seeks relief from the constraints of Rule 29(d)(1) in order to issue subpoenae duces tecum to third-parties because Plaintiff believes that the third-parties may be able to help Plaintiff locate Defendant.

Pursuant to Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A party who seeks to conduct discovery prior to the Rule 26(f) conference must show "good cause." *Platinum Manufacturing International, Inc. v. Uninet Imaging, Inc.*, 2008 WL 927558, *1 (M.D. Fla. April 4, 2008); *Nassau Terminal, Inc. v. M/V Bering Sea*, 1999 WL

1293476, *1 (M.D. Fla. July 1, 1999). Good cause may be established by showing "some impelling urgency which necessitates action forthwith and excuses giving notice to the other party," such as "a showing that the desired testimony is in hazard of loss unless the deposition is taken forthwith." *K.J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F. Supp 422, 423-24 (S.D.N.Y. 1968). Plaintiff's motion states that it seeks to issue the third party subpoenas to associates of Defendant or its representative in the hopes that what it discovers will help it identify the proper party or parties to this case and to determine how and where those parties can be served, thus, allowing Plaintiff to proceed with this case. Plaintiff further asserts that these third-parties will not speak freely. However, Plaintiff has not identified these third-parties; nor has it shown that the third-parties will speak freely if subpoenaed. More importantly, Plaintiff has not met the standard for good cause. Plaintiff has not shown the need for urgency, other than to argue that this case will not "gain sufficient traction to make it to first base" without this discovery. However, Plaintiff has not shown that there is any chance that testimony or other evidence will be lost or otherwise impaired if ex parte relief is not granted. Nor has Plaintiff shown that it will suffer any prejudice if the Court does not permit expedited discovery. Accordingly, it is hereby

ORDERED that the Plaintiff's Compliance with Order Requiring Joint Scheduling Report and Ex Parte Motion Under Rule 26(d)(1) [DE-5] is DENIED without prejudice.

DONE and ORDERED in chambers, Miami, Florida, this 17th day of March, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record