UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-23864-CIV-O'SULLIVAN

[CONSENT]

GE SEACO SERVICES, LTD.,

    Plaintiff,

v.

INTERLINE CONNECTION, N.V.,
et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10) and the Defendant Mark Swerdel's Motion to Dismiss (DE# 33, 10/21/10). Having reviewed the applicable filings and the law and for the reasons stated herein, it is

ORDERED AND ADJUDGED that the Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10) is **GRANTED in part and DENIED in part**. The plaintiff shall **promptly** file its Second Amended Complaint excluding its civil theft claim. It is further

ORDERED AND ADJUDGED that the Defendant Mark Swerdel's Motion to Dismiss (DE# 33, 10/21/10) is **DENIED as moot**.

## BACKGROUND

On October 21, 2010, Mark P. Swerdel (hereinafter "Mr. Swerdel" or "defendant") filed the instant motion seeking to dismiss the Amended Complaint (DE# 10, 5/20/10).

See Defendant Mark Swerdel's Motion to Dismiss and Incorporated Memorandum of Law (DE# 33, 10/21/10). The plaintiff filed its response on November 18, 2010. See Plaintiff's Response Re: Motion to Dismiss Re: Subject Matter Jurisdiction (DE# 42, 11/18/10). The defendant filed his reply on November 29, 2010. See Defendant Mark Swerdel's Reply Memorandum in Support of [His] Motion to Dismiss (DE# 45, 11/29/10).

On November 18, 2010, the plaintiff moved for leave to file a Second Amended Complaint. See Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10).[1] The defendant filed his response on December 6, 2010. See Defendant Mark Swerdel's Opposition to Plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law (DE# 46, 12/6/10). The plaintiff filed its reply on December 22, 2010. See Plaintiff's Reply Memorandum Re: Leave to File Second Amended Complaint (DE# 49, 12/22/10). This matter is now ripe for consideration.

## ANALYSIS

**A.     Plaintiff's Motion for Leave to File Second Amended Complaint**

The Court will address the Plaintiff's Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10) first. The plaintiff seeks leave to file a second amended complaint to invoke the Court's admiralty/maritime jurisdiction, "to assert a new alternative theory of personal liability against defendant Swerdel, based upon the corporate defendant's ongoing legal incapacity since 2004 . . . ." (Count 8) and to assert a claim for common law conversion against Mr. Swerdel individually (Count 9). See

---

[1] On December 22, 2010, the plaintiff file a revised proposed second amended complaint. See Plaintiff's Notice of Filing Revised Proposed Second Amended Complaint (DE# 50, 12/22/10). The revised proposed second amended complaint includes a new count (Count 9) for common law conversion against the defendant. Id.

Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10); Plaintiff's Notice of Filing Revised Proposed Second Amended Complaint (DE# 50, 12/22/10).

Where as here, a responsive pleading has already been filed,[2] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). Although leave to amend should be given freely, "[l]eave may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236 (11th Cir. 2005) (alterations in original) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[The Eleventh Circuit] has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation omitted).

Federal courts are courts of limited jurisdiction and the presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citation omitted). In the revised proposed second amended complaint, the plaintiff invokes the Court's admiralty/maritime jurisdiction pursuant to Title 28, United States Code, Section 1333. See Revised Proposed Second Amended Complaint for Money Damages (DE# 50-1 at ¶ 9, 12/22/10). The plaintiff states that "[t]his dispute

---

[2] See Answer and Affirmative Defenses (DE# 20, 8/16/10).

is about leased cargo containers that were used to move ocean freight in international commerce. Accordingly, the dispute concerns a 'maritime contract' and is thus squarely within this Court's admiralty jurisdiction. . . ." Plaintiff's Reply Memorandum Re: Leave to File Second Amended Complaint (DE# 49 at 2, 12/22/10) (citations omitted).

In opposing the plaintiff's motion for leave, the defendant does not raise any substantive argument against the applicability of maritime jurisdiction to the instant case.[3] Rather, the defendant argues that the amendment would be futile because the plaintiff seeks to invoke the Court's admiralty jurisdiction while at the same time asserting a claim for civil theft (Count 7) under section 772.11 of the Florida Statutes. See Defendant Mark Swerdel's Opposition to Plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law (DE# 46 at 2-3, 12/6/10).[4]

Florida's civil theft statute provides, in pertinent part:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

Fla. Stat. § 772.11 (1). Under chapter 812, one who "[a]ppropriate[s] the property [of

---

[3] In a footnote, the defendant does "reserve all rights as provided under the Federal Rules of Civil Procedure to respond to the allegations made by Plaintiff, including the basis of the claims asserted and the basis of jurisdiction." See Defendant Mark Swerdel's Opposition to Plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law (DE# 46 at 2 n.1, 12/6/10).

[4] In this Order the Court addresses the defendant's futility argument on the basis that the plaintiff's civil theft claim is preempted by federal maritime law. The Court does not address whether the plaintiff's civil theft claim or any other claim in the revised proposed second amended complaint would be futile on other grounds.

another] to his or her own use or to the use of any person not entitled to the use of the property" commits a theft. Fla. Stat. § 812.014 (1)(b).

The defendant argues that "[section] 772.11's provisions for awards of attorney's fees and treble damages are not consistent with the standards and uniformity of admiralty law. As such, the proposed amended would be futile." Id. at 4. The defendant does not address why the plaintiff should be precluded from filing a second amended complaint with respect to the other counts. The plaintiff maintains that "the [c]ivil [t]heft claim in this case is fully cognizable by this Court, even while sitting in admiralty, pursuant to the Court's supplemental jurisdiction as prescribed by 28 U.S.C. § 1367 . . . ." Plaintiff's Reply Memorandum Re: Leave to File Second Amended Complaint (DE# 49 at 2-3, 12/22/10) (citing Grubart, Inc. v. Great Lakes D & D Co., 513 U.S. 527, 531 (1995)).

Where a claim is maritime in nature, "general federal maritime law is applied regardless of whether the suit is brought in the admiralty forum, on the 'law side' of the federal court in diversity or in state court." F.W.F., Inc. v. Detroit Diesel Corp., 494 F. Supp. 2d 1342, 1353 (S.D. Fla. 2007), aff'd, 308 Fed. Appx. 389 (11th Cir. 2009). Thus, although the plaintiff seeks to invoke the Court's supplemental jurisdiction, the Court must analyze the plaintiff's civil theft claim to determine if it is maritime in nature. If the plaintiff's civil theft claim is maritime in nature, the Court must then determine if the civil theft claim is preempted by federal maritime law.

The plaintiff's civil theft claim sounds in tort. See Florida Desk, Inc. v. Mitchell Intern., Inc., 817 So.2d 1059, 1060 (Fla. 5th DCA 2002) (referring to civil theft claim under section 772.11, FLA. STAT., as a tort). "[F]or a tort claim to be cognizable under

5

admiralty jurisdiction, the activity from which the claim arises must satisfy a location test and it must have sufficient connection with maritime activity." Alderman v. Pacific N. Victor, Inc., 95 F.3d 1061, 1064 (11th Cir. 1996) (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). To satisfy the location test, the tort must have occurred on navigable water or the injury suffered on land must have been caused by a vessel on navigable water. Jerome B. Grubart, Inc., 513 U.S. at 534. With respect to the connection test, two issues must be considered: (1) whether, upon assessment of the general features of the type of accident involved, the "incident has a potentially disruptive impact on maritime commerce;" and (2) "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id. (internal quotations and citation omitted).

      The plaintiff's civil theft claim as alleged in the revised proposed second amended complaint satisfies the location test. The location test is concerned with "'where the alleged negligence took effect,' rather than where the negligent act was done." Harville v. Johns-Manville Products Corp., 731 F.2d 775, 782 (11th Cir. 1984) (quoting Executive Jet Aviation, Inc. v. City of Cleveland, Ohio, 409 U.S. 249, 266 (1972)). Here, the plaintiff alleges that it is the owner of 162 pieces of ocean cargo equipment. See Revised Proposed Second Amended Complaint for Money Damages (DE# 50-1 at ¶ 45, 12/22/10). The plaintiff further alleges that the defendant committed civil theft by either permitting his business to use the subject ocean cargo equipment or allowing third parties to use the equipment. Id. Because ocean cargo equipment is used to transport cargo on ships, the Court concludes that the tort alleged in the instant case took effect on navigable waters. Accordingly, the Court finds that the location test is met.

Having determined that the location test is met, the Court must next determine whether the plaintiff's civil theft claim meets the connection test. "With respect to the connection test, two issues must be considered: (1) whether, upon assessment of the general features of the type of accident involved, the 'incident has a potentially disruptive impact on maritime commerce;' and (2) 'whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.'" Broughton v. Fla. Int'l Underwriters, Inc., 139 F.3d 861, 865 (11th Cir. 1998) (internal citations omitted).

The first factor is whether the tortfeasor's activity had a potentially disruptive impact on maritime commerce. In analyzing this factor, the Court's focus should be on the disruptive impact the activity *could* have had, not on what actually transpired. Jerome B. Grubart, Inc., 513 U.S. at 538 (citing Sisson v. Ruby, 497 U.S. 358, 363 (1990)); see also, Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 350 (11th Cir. 1994) (concluding  that a fire onboard a dry-docked vessel constituted a potential disruption to maritime commerce because it "*could* have spread to other vessels and *could* have resulted in the obstruction of a navigable waterway.") (emphasis in original). In the instant case, the plaintiff has alleged that the defendant has deprived it of its ocean cargo equipment. Had the defendant returned the ocean cargo equipment, the plaintiff could have leased the subject equipment to another business for the purpose of transporting cargo by sea. Accordingly, the Court concludes, that the retention of the ocean cargo equipment by the defendant or by unknown third parties could have had a potentially disruptive impact on maritime commerce.

Next, the Court must determine whether the general character of the activity

7

giving rise to the incident shows a substantial relationship to traditional maritime activity. In analyzing this factor, "[the Court should] ask whether [the] tortfeaser's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally suspect to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. at 539-40. Here, the plaintiff has alleged that the defendant has deprived it of its ocean cargo equipment. This ocean cargo equipment "was intended for use . . . and . . was in fact used by the defendants to transport cargo for hire by sea in international maritime commerce." See Revised Proposed Second Amended Complaint for Money Damages (DE# 50-1 at ¶ 3, 12/22/10). "[T]he [shipping] container has been characterized as a modern substitute for the hold of the vessel . . . and as functionally a part of the ship . . . ." CTI-Container Leasing v. Oceanic Operations, 682 F.2d 377, 380 (2d Cir. 1982) (quoting Japan Line, Ltd. v. County of Los Angeles, 441 U.S. 434, 443 (1979)) (internal citation and quotation marks omitted). Accordingly, the Court concludes that the plaintiff's alleged deprivation of the subject ocean cargo equipment is substantially related to traditional maritime activity.

Because the plaintiff's civil theft claim meets the location and connection tests, it is maritime in nature. The Court must now determine if the plaintiff's civil theft claim is preempted by federal maritime law. "[T]he basic rationale for federal admiralty jurisdiction is the "protection of maritime commerce through uniform rules of decision." Jerome B. Grubart, Inc., 513 U.S. at 544. With respect to a cause of action in tort, the general maritime law "incorporates the general law of torts when not inconsistent with the law of admiralty." Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968,

977 (5th Cir. 1978).[5] Florida's civil theft statute provides for the recovery of treble damages and attorney's fees. The Court finds that the attorney's fees provision in Florida's civil theft statute is incompatible with maritime law. See Misener Marine Const., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 840 (11th Cir. 2010) (stating that "the principle that each party bear its own attorneys' fees is a characteristic feature of maritime law . . . ." ). Similarly, the Court concludes that treble damages are also unavailable under maritime law. See In re Park West Galleries, Inc., MDL No. 09-2076RSL, 2010 WL 56044, at * 3 (W.D. Wash. Jan 5, 2010) (concluding that "[b]ecause the damage provisions of the Washington Consumer Protection Act ("WCPA"), the Connecticut Unfair Trade Practices Act ("CUTPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") allow for the recovery of attorney's fees and/or treble damages, they conflict with established admiralty law and are preempted.").

Because the plaintiff's civil theft claim is preempted by federal maritime law, permitting the plaintiff to assert this claim would be futile. The Court finds no reason why the plaintiff should not be permitted to assert the remaining claims in its revised proposed second amended complaint. The Court further finds that the defendants will not be prejudiced by permitting the plaintiff to otherwise amend its pleading and there is no bad faith, dilatory conduct or undue delay on the part of the plaintiff in filing the instant motion for leave. Accordingly, the plaintiff's Motion for Leave to File Second Amended Complaint (DE# 43, 11/18/10) is **GRANTED in part and DENIED in part**.

---

[5] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**B.      Defendant's Motion to Dismiss Amended Complaint**

Because the Court finds that the plaintiff should be given leave to file the Second Amended Complaint, the Defendant Mark Swerdel's Motion to Dismiss (DE# 33, 10/21/10) is **DENIED as moot**.

DONE AND ORDERED in Chambers at Miami, Florida this **12th** day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record